UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK WESTBROOK,

        Petitioner,

v.                                            Case No. 15-13886
                                              Honorable Linda V. Parker

PAUL KLEE,

        Respondent.
_____/

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS*

Derrick Westbrook, ("Petitioner"), confined at the Gus Harrison Correctional Facility in Adrian, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b(1)(b)(ii); and second-degree criminal sexual conduct, Mich. Comp. Laws § 750.520c(1)(b)(ii). For the reasons stated below, the petition for writ of habeas corpus is **DENIED WITH PREJUDICE.**

I.    **Background**

Petitioner was convicted following a jury trial in the Wayne County Circuit Court. This Court recites verbatim the relevant facts relied upon by the Michigan

1

Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

> Defendant's convictions stem from the sexual assault of his daughter, "AG," who was 13 years old at the time of the incident. AG testified that defendant came into her bedroom, laid down on the bed with her, and rubbed her breasts. He then pulled down her shorts and underwear and rubbed her buttocks before inserting his penis into her vagina. After defendant ejaculated, AG got out of bed and went into the bathroom. When she returned, defendant was lying asleep on the bed. He awoke five or ten minutes later and started moving his hand up and down on his penis. He asked AG to do the same thing for him, which she did, before he moved her hand away and resumed moving his own hand up and down on his penis.

*People v. Westbrook*, No. 308410, 2013 WL 1007730, at *1 (Mich. Ct. App. Mar. 14, 2013). Petitioner was denied leave to appeal his case because the appellate court was not persuaded that the questions presented should be reviewed. *People v. Westbrook*, 835 N.W. 2d 591 (Mich. 2013).

Petitioner filed a post-conviction motion for relief from judgment pursuant to M.C.R. 6.500, *et. seq.,* which was denied. *People v. Westbrook*, No. 11-009139-01-FC (Third Cir. Ct., Oct. 24, 2013). The Michigan appellate courts denied petitioner's leave to appeal. *People v. Westbrook*, No. 321078 (Mich. Ct. App. May 6, 2014); *lv. den.* 859 N.W.2d 508 (2015).

Petitioner seeks a writ of habeas corpus on the following grounds:

> I. Defense counsel provided ineffective assistance, in violation of the constitutional right to the assistance of counsel and the federal and

state Due Process Clauses, where counsel failed to: 1) have available at the trial the preliminary examination transcripts so that he could cross-examine the complaining witnesses; 2) call a witness who would have testified that the complainant had numerous inconsistencies in her testimony.

II. Defendant-Appellant should be allowed to file an amended Standard 4 brief because appellate counsel did not provide trial transcripts so that Defendant-Appellant could outline the facts necessary to properly brief the issues raised above.

(ECF No. 1 at Pg ID 3.)

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court

on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court explained that "a federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010)((quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court emphasized "that even

a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102 (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003)). Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or...could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* In order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103.

**III. Discussion**

**A. Claim # 1 – Ineffective Assistance of Trial Counsel**

Petitioner first claims he was denied the effective assistance of trial counsel. To show that he or she was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two-prong test. First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466

U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id*. In other words, petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be sound trial strategy.' *Strickland,* 466 U.S. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). Second, the defendant must show that such performance prejudiced his defense. *Id*. at 687. To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. "*Strickland*'s test for prejudice is a demanding one. 'The likelihood of a different result must be substantial, not just conceivable.'" *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011) (quoting *Harrington*, 562 U.S. at 112). The Supreme Court's holding in *Strickland* places the burden on the defendant who raises a claim of ineffective assistance of counsel, and not the state, to show a reasonable probability that the result of the proceeding would have been different, but for counsel's allegedly deficient performance. *See Wong v. Belmontes*, 558 U.S. 15, 27 (2009).

More importantly, on habeas review, "the question 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was

incorrect but whether that determination was unreasonable - a substantially higher threshold.'" *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). "The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland's* standard." *Harrington v. Richter*, 562 U.S. at 101. Indeed, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Knowles,* 556 U.S. at 123 (citing *Yarborough v. Alvarado*, 541 U.S. at 664). Pursuant to the § 2254(d)(1) standard, a "doubly deferential judicial review" applies to a *Strickland* claim brought by a habeas petitioner. *Id.* This means that on habeas review of a state court conviction, "a state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Harrington*, 562 U.S. at 101. "Surmounting *Strickland's* high bar is never an easy task." *Id.* at 105 (quoting *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010)).

Because of this doubly deferential standard, the Supreme Court has indicated that:

> Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under

7

> § 2254(d). When § 2254(d) applies, the question is not whether
> counsel's actions were reasonable. The question is whether there is
> any reasonable argument that counsel satisfied *Strickland's*
> deferential standard.

*Harrington v. Richter*, 562 U.S. at 105.

Finally, a reviewing court must not merely give defense counsel "the benefit of the doubt, but [must also] affirmatively entertain the range of possible reasons that counsel may have had for proceeding as he or she did. *Cullen v. Pinholster,* 563 U.S. 170, 196 (2011).

Petitioner first contends that trial counsel was ineffective for failing to have the preliminary examination transcript available to cross-examine the victim at trial. The Michigan Court of Appeals rejected Petitioner's claim:

> Regarding defendant's first [ineffective assistance of counsel] claim,
> it is unclear from the record whether defense counsel had the
> transcripts available while he cross-examined AG. Nonetheless,
> counsel was able to impeach AG with her prior testimony and AG
> admitted that she had previously testified differently. Thus,
> defendant has failed to show that he was prejudiced by defense
> counsel's alleged unpreparedness.

*People v. Westbrook*, 2013 WL 1007730, at * 3.

Petitioner has not established that counsel was ineffective for failing to utilize the preliminary examination transcript to cross-examine or impeach the victim. As referenced earlier, Petitioner failed to show that counsel did not, in fact, have the preliminary examination transcript available or that if he did not,

that Petitioner was prejudiced by counsel's failure to have the preliminary examination transcript available. Counsel questioned the victim extensively about her prior testimony at the preliminary examination. The victim admitted that she testified at the preliminary examination that she hated petitioner. (Tr. 12/12/11, pp. 126-27). The victim further acknowledged that she testified under oath at the preliminary examination that the incident happened before Christmas although at trial she testified that the assault happened after the holiday. (*Id.,* pp. 127-28). The victim testified that she had previously told defense counsel on the record that she shared a bed with her brother. (*Id.,* p. 129). The victim admitted that she previously told defense counsel that she learned several sexual terms that she testified to at trial from her brother. (*Id.,* p. 145).

In the present case, Petitioner was not prejudiced by counsel's alleged failure to use the preliminary examination transcript at trial when the victim admitted several times to her prior testimony from the preliminary examination. *See Henderson v. Norris*, 118 F.3d 1283, 1288 (8th Cir. 1997) (finding petitioner was not prejudiced from trial counsel's failure at petitioner's retrial to introduce transcript of prosecution witness's testimony from petitioner's habeas hearing in federal court, where jury was informed, through cross-examination, of contradiction between the witness' habeas and trial testimony); *DeLong v. Brady*,

723 F. Supp. 2d 376, 392 (D. Mass. 2010) (holding counsel's failure to secure a transcript from petitioner's earlier armed robbery trial in order to impeach witnesses on alleged prior inconsistent statements did not prejudice petitioner, and thus could not amount to ineffective assistance of counsel, where counsel explored inconsistencies of various witnesses' statements during cross-examination); *see also Welsh v. Lafler*, 444 F. App'x. 844, 852 (6th Cir. 2011) (finding defense counsel's failure to admit into evidence an audiotape of petitioner's conversation with victim at county fair, during which victim stated that petitioner did not touch him inappropriately, did not constitute ineffective assistance of counsel, given that witness admitted his prior inconsistent statements during trial testimony).

Petitioner was not prejudiced by counsel's alleged failure to more thoroughly utilize the preliminary examination transcript because any impeachment evidence from the preliminary examination was cumulative of the testimony elicited from the victim in support of petitioner's claim that the victim had falsely accused him of sexual assault. *Wong,* 558 U.S. at 22-23; *see also United States v. Pierce,* 62 F. 3d 818, 833 (6th Cir. 1995); *Johnson v. Hofbauer,* 159 F. Supp. 2d 582, 607 (E.D. Mich. 2001). In this case, the jury had significant evidence presented to it to question the victim's credibility and her motives for fabricating assault charges against Petitioner. Because the jury was "well

acquainted" with evidence that would have supported Petitioner's claim that the victim fabricated these charges, additional evidence in support of Petitioner's defense "would have offered an insignificant benefit, if any at all." *Wong,* 558 U.S. at 23.

Petitioner next claims that counsel was ineffective for failing to call Ms. Taffy Brown as a witness.

The Court has reviewed Petitioner's Standard 4 brief which he filed with the Michigan Court of Appeals. (ECF No. 14-10.) Petitioner failed to attach any affidavit from Ms. Brown to this brief. Conclusory allegations of ineffective assistance of counsel, without any evidentiary support, do not provide a basis for habeas relief. *See Workman v. Bell,* 178 F.3d 759, 771 (6th Cir. 1998). By failing to present any evidence to the state courts in support of this ineffective assistance of counsel claim, petitioner is not entitled to an evidentiary hearing on this claim with this Court. *See Cooey v. Coyle*, 289 F. 3d 882, 893 (6th Cir. 2002) (citing 28 U.S.C. § 2254(e)(2)(A)(ii)). Petitioner has failed to attach any offer of proof or any affidavits sworn by Ms. Brown. Petitioner has offered, neither to the Michigan courts nor to this Court, any evidence beyond his own assertions as to whether Ms. Brown would have been able to testify and what the content of her testimony would have been. In the absence of such proof, Petitioner is unable to

establish that he was prejudiced by counsel's failure to call Ms. Brown to testify at trial, so as to support the second prong of an ineffective assistance of counsel claim. *See Clark v. Waller,* 490 F. 3d 551, 557 (6th Cir. 2007). Petitioner is not entitled to relief on his first claim.

## B. Claim # 2 – Denial of Transcripts

In his second claim, Petitioner contends that he was denied a meaningful direct appeal because he was not provided with copies of the transcripts to prepare his own *pro per* supplemental Standard 4 brief on appeal that Petitioner filed in addition to the appellate brief filed by his appellate counsel.

Petitioner's appellate counsel filed an appellate brief with the Michigan Court of Appeals, raising two claims for relief. Petitioner filed his own *pro se* brief on appeal, in which he raised two additional claims. Petitioner claims that he was never provided with copies of the trial transcripts to assist him with preparing his *pro se* Standard 4 appeal brief. [1]

Petitioner fails to state a claim upon which relief can be granted. A criminal defendant has no federal constitutional right to self-representation on direct appeal from a criminal conviction. *Martinez v. Court of Appeal of California,* 528 U.S.

---

[1] Standard 4 of Administrative Order 2004-6, 471 Mich. cii (2004), "explicitly provides that a *pro se* brief may be filed within 84 days of the filing of the brief by the appellant's counsel, and may be filed with accompanying motions." *Ware v. Harry,* 636 F. Supp. 2d 574, 594, n. 6 (E.D. Mich. 2008).

152, 163 (2000). This is because the rights protected by the Sixth Amendment, including the right to self-representation, are rights that are available to prepare for trial and at the trial itself. However, "[t]he Sixth Amendment does not include any right to appeal." *Id.* at 160. The Supreme Court also rejected the idea that the "right to self-representation on appeal…[could] be grounded in the Due Process Clause [of the Fourteenth Amendment because,] [u]nder the practices that prevail in the Nation today, however, we are entirely unpersuaded that the risk of either disloyalty or suspicion of disloyalty is a sufficient concern to conclude that a constitutional right of self-representation is a necessary component of a fair appellate proceeding." *Martinez,* 528 U.S. at 161.

Thus, there is no "constitutional entitlement to submit a *pro se* appellate brief on direct appeal from a criminal conviction in addition to a brief submitted by [appellate] counsel." *See McMeans v. Brigano,* 228 F. 3d 674, 684 (6th Cir. 2000). By accepting the assistance of counsel, the criminal appellant waives his or her right to present *pro se* briefs on direct appeal. *Myers v. Johnson*, 76 F. 3d 1330, 1335 (5th Cir. 1996); *see also Henderson v. Collins,* 101 F. Supp. 2d 866, 881 (S.D. Ohio 1999); *aff'd in part, vacated in part on other grds*, 262 F. 3d 615 (6th Cir. 2001) (finding defendant who was represented by counsel and also sought to submit *pro se* brief upon appeal did not have right to such hybrid

representation).

Because Petitioner chose to be represented by appellate counsel, any failure by the trial court or appellate counsel to provide petitioner with the trial transcripts so that he could prepare his own *pro se* brief did not violate petitioner's constitutional rights. *See U.S. v. Dierling*, 131 F.3d 722, 734, n. 7 (8th Cir. 1997); *Foss v. Racette*, No. 1:12-CV-0059, MAT 2012 WL 5949463, * 4 (W.D.N.Y. Nov. 28, 2012); *see also Willis v. Lafler*, No. 05-74885, 2007 WL 3121542, * 18 (E.D. Mich. Oct. 24, 2007) (finding petitioner not entitled to habeas relief based upon trial court's failure to rule on petitioner's post-trial motion to compel copies of transcripts and videotapes when petitioner was represented by appellate counsel). Therefore, Petitioner is not entitled to relief on his second claim.

**IV. Conclusion**

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to Petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further.

*Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny Petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001). The Court will also deny Petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Id.*

## V. Order

Accordingly,

**IT IS ORDERED** that the Petition for a Writ of Habeas Corpus is **DENIED WITH PREJUDICE;**

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED.**

**IT IS FURTHER ORDERED** that Petitioner will be **DENIED** leave to

appeal *in forma pauperis*.

                                                s/ Linda V. Parker
                                                LINDA V. PARKER
                                                U.S. DISTRICT JUDGE

Dated: July 13, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, July 13, 2017, by electronic and/or U.S. First Class mail.

                                                s/ R. Loury
                                                Case Manager